IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: Brian Dubke & Corinna Hahn,   )   CHAPTER 13
                                      )
                                      )
                                      )
         Debtors.                     )   CASE # 12-30830-KKS

**MOTION TO DETERMINE SECURED STATUS AND TO STRIP JUNIOR LIEN OF LIZETH OJEDA/BAY CITY INVESTMENTS MORTGAGE COMPANY ON DEBTOR'S PRINCIPAL RESIDENCE**

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-2, the Court will consider this motion, without further notice or hearing unless a party in interest files a written objection within **thirty (30) days** from the date of service of this paper. If you object to the relief requested in this motion, you, must file your objection with the Clerk of the Court at 100 N. Palafox Street, Pensacola, FL 32502, and serve a copy on the debtor(s), attorney for debtor(s), Lewis & Jurnovoy, P.A.,1100 North Palafox Street, Pensacola, FL 32501, and the Chapter 13 Trustee, Post Office Box 646, Tallahassee, FL 32302.

If you file and serve an objection within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the court will consider that you do not oppose the granting of the relief requested in the Motion, and will proceed to consider the motion without further notice or hearing, and may grant the relief requested.

COME NOW the Debtors by and through their attorney of record, and files the Motion to Determine Secured Status and Strip Junior Lien on Debtor's Principal Residence and states as follows:

1. The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on June 6, 2012.

2. The Debtor owns real property (the "Real Property") located at 440 Peppertree Terrrace., Pensacola, FL, more particularly described in the following legal description:

LOT 19, BLOCK A, PEPPERMILL FIRST ADDITION, BEING A PORTION OF SECTION 17, TOWNSHIP 2 SOUTH, RANGE 31 WEST, ESCAMBIA COUNTY, FLORIDA, ACCORDING TO PLAT RECORDED IN PLAT BOOK 13 AT PAGE 95 OF THE PUBLIC RECORDS OF SAID COUNTY.

3. The Real Property is encumbered by two mortgages:

a. Navy Federal Credit Union, account number 8203, holds the first mortgage, recorded on July 3, 1998, in Book 4280, page(s) 903 - 910, Instrument No. 98-501576 of the official records of Escambia County, Florida, and has filed Claim number 10 in the amount of $107,465.94

b. Lizeth Ojeda/Bay City Investments, account number 7309, holds the second mortgage, recorded on September 30, 2008, in Book 6381, page 998, Instrument No. 2008073568 of the official records of Escambia County, Florida.

☑ Has **not** filed a Proof of Claim in this matter;

4. Based on the Appraisal Value attached hereto as Exhibit A, the value of the Real Property is $83,000.00.

5. Accordingly, the second mortgage, held by Lizeth Ojeda/Bay City Investments, is completely unsecured.

Wherefore, the Debtors respectfully request that the Court enter an order:

(a) granting the motion; (b) determining the value of the Real Property to be $83,000.00; (c) determining that Lizeth Ojeda/Bay City Investments does not have a secured claim; (d) voiding the mortgage lien of Lizeth

Ojeda/Bay City Investments effective upon discharge or upon further order of the Court; and (e) granting such other and further relief as the Court deems appropriate.

Respectfully Submitted this 7th day of December 2012.

_____
Martin S. Lewis, FL Bar # 0100587
Steven D. Jurnovoy, FL Bar # 938221
Attorney for Debtor

**OF COUNSEL:**
Lewis & Jurnovoy, P.A.
1100 North Palafox Street
Pensacola, FL 32501
Telephone (850) 432-9110
Facsimile (850) 433-8794
Email: landj@4-debtor.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the foregoing Motion on those listed below by either electronic email or by United States Mail first class postage prepaid this the 7th day of December 2012.

_____
OF COUNSEL

Leigh D. Hart
P.O. Box 646
Tallahassee, FL 32302

Lizeth Ojeda
Bay City Investments
PO Box 210924
Chula Vista, CA 91921

STATE OF FLORIDA
COUNTY OF ESCAMBIA

### AFFIDAVIT

Personally appeared before me, Brian Dubke & Corinna Hahn, who being first duly sworn to speak the truth, did depose and say as follows:

All the information contained in the foregoing Motion to Determine Secured Status is true and correct to the best of my/our knowledge.

_____
Brian Dubke

_____
Corinna Hahn

Sworn to and subscribed before me this 7th day of ~~November~~ December 2012 by Brian Dubke & Corinna Hahn, who is personally known to me or who has produced FL Drivers License as identification and who did take an oath.

WITNESS my hand and notarial seal.



SHERI SHEELEY
MY COMMISSION # EE 164820
EXPIRES: January 30, 2016
Bonded Thru Notary Public Underwriters

_____
Notary Public



# APPRAISAL OF REAL PROPERTY

**LOCATED AT:**
440 Peppertree Terrace
Pensacola, FL  32506

**FOR:**
Brian L Dubke
440 Peppertree Terrace
Pensacola, FL  32506

**AS OF:**
05/03/2012

**BY:**
David Cederquist
Del Mar Appraisal Group
362 Gulf Breeze Pkwy., #177
Gulf Breeze Florida 32561
850-375-6427

*Exhibit A*

www.DelMarAppraisal.com    Main File No. 5121002M| Page #2|

| | |
|---|---|
| Borrower | NA | File No. 5121002M |
| Property Address | 440 Peppertree Terrace |
| City Pensacola | County Escambia    State FL    Zip Code 32506 |
| Appraiser | David Cederquist |

## APPRAISAL AND REPORT IDENTIFICATION

This Appraisal Report is <u>one</u> of the following types:

☐ Self Contained   (A written report prepared under Standards Rule 2-2(a), pursuant to the Scope of Work, as disclosed elsewhere in this report.)

☒ Summary   (A written report prepared under Standards Rule 2-2(b), pursuant to the Scope of Work, as disclosed elsewhere in this report.)

☐ Restricted Use   (A written report prepared under Standards Rule 2-2(c), pursuant to the Scope of Work, as disclosed elsewhere in this report, restricted to the stated intended use by the specified client or intended user.)

### Comments on Standards Rule 2-3

I certify that, to the best of my knowledge and belief:

The statements of fact contained in this report are true and correct.
The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions, and are my personal, impartial, and unbiased professional analyses, opinions and conclusions.
I have no present or prospective interest in the property that is the subject of this report, and no personal interest with respect to the parties involved.
I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.
My engagement in this assignment was not contingent upon developing or reporting predetermined results.
My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
My analyses, opinions and conclusions were developed and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.
I have made a personal inspection of the property that is the subject of this report.

### Comments on Appraisal and Report Identification
Note any USPAP related issues requiring disclosure and any state mandated requirements:

**SCOPE OF THE APPRAISAL:**
The social, economic, governmental, and environmental factors affecting and influencing the value of the subject were researched and analyzed. Sales data was confirmed and verified in the public records, including Escambia County Property Appraiser records and the Escambia County Clerk of Courts. In addition, data concerning the market, prior sales and comparable sales was obtained and verified through the Pensacola Association of Realtors Multiple Listing Service and/or Metro Market Trends REARS Report (a proprietary service compiling information from the Escambia Property Appraiser and the Escambia County Clerks offices) which are sources considered to be both comprehensive and reliable for residential appraisal purposes. An interior inspection was performed on the subject property and the inspection of the comparable sales was limited to an exterior inspection form the street.

**INTENDED USE:**
The Intended User of this appraisal report is the Lender/Client.
The Intended Use is to evaluate the property that is the subject of this appraisal to ascertain current market value, subject to the stated Scope of Work, purpose of the appraisal, reporting requirements of this appraisal report form, and Definition of Market Value. No additional Intended Users are identified by the appraiser.

**CONDITIONS OF APPRAISAL:**
Neither all nor any part of the contents of this report shall be conveyed to any person or entity, other than the appraiser's or firm's client, through advertising, solicitation materials, public relations, news, sales, or other media without the written consent and approval of the authors, particularly as to valuation conclusions, the identity of the appraiser or firm with which the appraiser is connected, or any reference to affiliation with any professional appraisal organization.

**SALES HISTORY:**
I have researched/analyzed the subject property for all sales/listings within 36 months prior to the effective date of the appraisal and for all comparable sales for 12 months from date of sale. All known prior sales/listings are noted in the report.

| APPRAISER: | SUPERVISORY APPRAISER (only if required): |
|---|---|
| Signature: *David Cederquist* | Signature: |
| Name: David Cederquist | Name: |
| Date Signed: May 16, 2012 | Date Signed: |
| State Certification #: Cert Res RD7232 | State Certification #: |
| or State License #: | or State License #: |
| State: FL | State: |
| Expiration Date of Certification or License: 11/30/2012 | Expiration Date of Certification or License: |
| Effective Date of Appraisal: 05/03/2012 | Supervisory Appraiser Inspection of Subject Property: ☐ Did Not  ☐ Exterior-only from street  ☐ Interior and Exterior |

# Uniform Residential Appraisal Report
File # 5121002M

The purpose of this summary appraisal report is to provide the lender/client with an accurate, and adequately supported, opinion of the market value of the subject property.

## SUBJECT

| Field | Value |
|---|---|
| Property Address | 440 Peppertree Terrace |
| City | Pensacola |
| State | FL |
| Zip Code | 32506 |
| Borrower | NA |
| Owner of Public Record | Brian L Dubke |
| County | Escambia |
| Legal Description | LT 19 BLK A Peppermill 1st ADDN PB 13 P 95 OR 4280 P 901 OR 5702 P 549 OR 6284 P 1054 LESS MINERAL RIGHTS |
| Assessor's Parcel # | 172S316100019001 |
| Tax Year | 2011 |
| R.E. Taxes $ | 748.64 |
| Neighborhood Name | Peppermill |
| Map Reference | 37860 |
| Census Tract | 0027.01 |
| Occupant | ☒ Owner ☐ Tenant ☐ Vacant |
| Special Assessments $ | 0 |
| ☐ PUD | HOA $ 0 ☐ per year ☐ per month |
| Property Rights Appraised | ☒ Fee Simple ☐ Leasehold ☐ Other (describe) |
| Assignment Type | ☐ Purchase Transaction ☐ Refinance Transaction ☒ Other (describe) To determine market value |
| Lender/Client | Brian L. Dubke |
| Address | 440 Peppertree Terrace, Pensacola, Fl 32506 |

Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal? ☐ Yes ☒ No
Report data source(s) used, offering price(s), and date(s).   Escambia County Records, Pensacola MLS

## CONTRACT

I ☐ did ☒ did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed.

Contract Price $ 0    Date of Contract    Is the property seller the owner of public record? ☐ Yes ☐ No  Data Source(s)
Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the borrower? ☐ Yes ☐ No
If Yes, report the total dollar amount and describe the items to be paid.    0

## NEIGHBORHOOD

Note: Race and the racial composition of the neighborhood are not appraisal factors.

| Neighborhood Characteristics | One-Unit Housing Trends | One-Unit Housing | Present Land Use % |
|---|---|---|---|
| Location ☐ Urban ☒ Suburban ☐ Rural | Property Values ☐ Increasing ☒ Stable ☐ Declining | PRICE  AGE | One-Unit 83 % |
| Built-Up ☐ Over 75% ☒ 25-75% ☐ Under 25% | Demand/Supply ☐ Shortage ☒ In Balance ☐ Over Supply | $ (000)  (yrs) | 2-4 Unit 5 % |
| Growth ☐ Rapid ☒ Stable ☐ Slow | Marketing Time ☐ Under 3 mths ☒ 3-6 mths ☐ Over 6 mths | 40  Low  0 | Multi-Family 2 % |
| Neighborhood Boundaries  The subject is bounded to the north by Perdido Bay, to the west by Lillian | | 500  High  70 | Commercial 5 % |
| Highway, to the south by W. Highway 98, and to the east by N. Blue Angel Parkway. | | 80  Pred.  20 | Other 5 % |

Neighborhood Description   The subject is located in Pensacola and has easy access to all necessary supporting facilities including town services, schools, shopping, beaches, recreation and entertainment. The neighborhood enjoys stable employment due to large numbers of retirees and active military personnel, the Pensacola Naval Air Station and numerous viable industries.

Market Conditions (including support for the above conclusions)   Market conditions appear stable. Supply and demand are in balance at this time. According to MLS, the marketing time is estimated at 149 average days on market and stable, and the sales price/listing price ratio for comparable homes in this area is 94.67%. There are no adverse factors affecting the subject's marketability.

## SITE

| Field | Value |
|---|---|
| Dimensions | 80' x 135' |
| Area | 10,800 Sq.Ft. |
| Shape | Rectangular |
| View | N;Res; |
| Specific Zoning Classification | R-2 |
| Zoning Description | Single-Family District, Low-Medium Density |

Zoning Compliance ☒ Legal ☐ Legal Nonconforming (Grandfathered Use) ☐ No Zoning ☐ Illegal (describe)
Is the highest and best use of subject property as improved (or as proposed per plans and specifications) the present use? ☒ Yes ☐ No  If No, describe

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements - Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | ☐ | Water | ☒ | ☐ | Street Asphalt | ☒ | ☐ |
| Gas | ☒ | ☐ | Sanitary Sewer | ☒ | ☐ | Alley None | | |

FEMA Special Flood Hazard Area ☒ Yes ☐ No    FEMA Flood Zone A    FEMA Map # 12033C0365G    FEMA Map Date 09/29/2006
Are the utilities and off-site improvements typical for the market area? ☒ Yes ☐ No  If No, describe
Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)? ☐ Yes ☒ No  If Yes, describe
No apparent adverse site conditions, easements or encroachments were found upon inspection which would adversely affect the subject property. The appraiser did not observe adverse environmental conditions, but is not an expert in this area.

## IMPROVEMENTS

| General Description | Foundation | Exterior Description materials/condition | Interior materials/condition |
|---|---|---|---|
| Units ☒ One ☐ One with Accessory Unit | ☒ Concrete Slab ☐ Crawl Space | Foundation Walls  Concrete/Average | Floors  Cpt/Tile/Laminate/A |
| # of Stories  1 | ☐ Full Basement ☐ Partial Basement | Exterior Walls  Brick,Mas.Siding/Av | Walls  Dwall,Pnt,WP/Avg. |
| Type ☒ Det. ☐ Att. ☐ S-Det./End Unit | Basement Area  0 sq.ft. | Roof Surface  Composition/Avg. | Trim/Finish  Wood,Paint/Avg |
| ☒ Existing ☐ Proposed ☐ Under Const. | Basement Finish  0 % | Gutters & Downspouts Partial Vinyl/Avg. | Bath Floor  Tile/Average |
| Design (Style)  Ranch | ☐ Outside Entry/Exit ☐ Sump Pump | Window Type  Sngl Hung/DP/Al/Avg | Bath Wainscot Fiberglass/Average |
| Year Built  1990 | Evidence of ☐ Infestation | Storm Sash/Insulated  Insulated/Average | Car Storage ☐ None |
| Effective Age (Yrs) 18 | ☐ Dampness ☐ Settlement | Screens  Screens/Average | ☒ Driveway  # of Cars  4 |
| Attic ☐ None | Heating ☒ FWA ☐ HWBB ☐ Radiant | Amenities ☐ Woodstove(s) # 0 | Driveway Surface  Concrete |
| ☐ Drop Stair ☐ Stairs | ☐ Other  Fuel  Gas | ☒ Fireplace(s) # 1 ☒ Fence Wd/Avg | ☒ Garage  # of Cars  2 |
| ☐ Floor ☒ Scuttle | Cooling ☒ Central Air Conditioning | ☒ Patio/Deck Op/Av ☒ Porch Cvd/Avg | ☐ Carport  # of Cars  0 |
| ☐ Finished ☐ Heated | ☒ Individual ☐ 1-WU ☐ Other | Pool None ☐ Other | ☒ Att. ☐ Det. ☐ Built-in |

Appliances ☒ Refrigerator ☒ Range/Oven ☒ Dishwasher ☒ Disposal ☐ Microwave ☒ Washer/Dryer ☐ Other (describe)
Finished area above grade contains:   6 Rooms   3 Bedrooms   2 Bath(s)   1,578 Square Feet of Gross Living Area Above Grade
Additional features (special energy efficient items, etc.).   Additional features include: Ceiling fans, insulated doors and windows.

Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc.).   The quality of construction was average and the condition was average. The subject's included amenities are vaulted ceilings and partial tile floors. The subject property is considered to suffer from deferred maintenance and in the appraisers opinion would benefit from a overall clean up and new interior paint and flooring, which is not uncommon with "as is" sales.

Are there any physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property? ☐ Yes ☒ No  If Yes, describe
No physical deficiencies or adverse conditions noted.

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)? ☒ Yes ☐ No  If No, describe
The subject property appears to conform to the neighborhood with regard to functional utility, style, condition, use and construction. See pictures and addendum.

## Uniform Residential Appraisal Report  File # 5121002M

There are 15 comparable properties currently offered for sale in the subject neighborhood ranging in price from $ 45000 to $ 114900.
There are 24 comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ 53,000 to $ 115,000.

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | +(-) $ Adjustment | COMPARABLE SALE # 2 | +(-) $ Adjustment | COMPARABLE SALE # 3 | +(-) $ Adjustment |
|---|---|---|---|---|---|---|---|
| Address | 440 Peppertree Terrace, Pensacola, FL 32506 | 558 Peppertree Ln, Pensacola, FL 32506 | | 11116 Pine Hill Dr, Pensacola, FL 32506 | | 10510 Willow Lake Dr, Pensacola, FL 32506 | |
| Proximity to Subject | | 0.14 miles S | | 1.67 miles SW | | 0.88 miles SW | |
| Sale Price | $ 0 | $ 92,000 | | $ 89,900 | | $ 65,000 | |
| Sale Price/Gross Liv. Area | $ sq.ft. | $ 60.81 sq.ft. | | $ 53.35 sq.ft. | | $ 45.61 sq.ft. | |
| Data Source(s) | | MLS #412907;DOM 23 | | MLS#409647;DOM 244 | | MLS#417402;DOM 53 | |
| Verification Source(s) | | Escambia Co. Records | | Escambia Co. Records | | Escambia Co. Records | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sales or Financing Concessions | | ArmLth Foreclosure;0 | 0 | ArmLth Conv;0 | 0 | ArmLth ;0 | |
| Date of Sale/Time | | s10/11;Unk | | s05/12;Unk | | s04/12;Unk | |
| Location | N;NW Pensacola | N;NW Pensacola | | N;NW Pensacola | | N;NW Pensacola | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 10,800 Sq.Ft. | 12,994 sf | 0 | 9,914 sf | 0 | 11,050 sf | 0 |
| View | N;Res; | N;Res; | | N;Res; | | N;Res; | |
| Design (Style) | Ranch | Ranch | | Ranch | | Ranch | |
| Quality of Construction | Q4 | Q4 | | Q4 | | Q4 | |
| Actual Age | 22 | 24 | | 26 | | 24 | 0 |
| Condition | C4 | C4 | | C4 | | C4 | |
| Above Grade Room Count | Total 6 / Bdrms. 3 / Baths 2 | Total 6 / Bdrms. 3 / Baths 2 | 0 / 0 | Total 6 / Bdrms. 3 / Baths 2 | 0 / 0 | Total 6 / Bdrms. 3 / Baths 2 | 0 / 0 |
| Gross Living Area | 1,578 sq.ft. | 1,513 sq.ft. | 0 | 1,685 sq.ft. | -2,100 | 1,425 sq.ft. | +3,100 |
| Basement & Finished Rooms Below Grade | 0 sf / 0 sf | 0 sf / 0 sf | | 0 sf / 0 sf | | 0 sf / 0 sf | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | FWA/CAC | FWA/CAC | | FWA/CAC | | FWA/CAC | |
| Energy Efficient Items | Insul.Win&doors | Insul.Win&doors | | Insul.Win&doors | | Insul.Win&doors | |
| Garage/Carport | 2 Att Garage | 1 Att Garage | +1,500 | 2 Att Garage | | Drive Only | +3,000 |
| Porch/Patio/Deck | CvdPch/OpPat | CvdPch | +1,000 | CPch/ScPch/Pa | -1,000 | CvdPch/Patio | |
| Other | Fence/Fireplace | Fence/Fireplace | | Fence/Fireplace | | Fence | +1,500 |
| Pool | None | IG Pool | -7,000 | None | | None | |
| Net Adjustment (Total) | | ☐ + ☒ - | $ -4,500 | ☐ + ☒ - | $ -3,100 | ☒ + ☐ - | $ 7,600 |
| Adjusted Sale Price of Comparables | | Net Adj. 4.9 % / Gross Adj. 10.3 % | $ 87,500 | Net Adj. 3.4 % / Gross Adj. 3.4 % | $ 86,800 | Net Adj. 11.7 % / Gross Adj. 11.7 % | $ 72,600 |

I ☒ did ☐ did not research the sale or transfer history of the subject property and comparable sales. If not, explain

My research ☐ did ☒ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data Source(s)  Escambia County Records, PMLS
My research ☒ did ☐ did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Data Source(s)  Escambia County Records, PMLS
Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE #1 | COMPARABLE SALE #2 | COMPARABLE SALE #3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | | 10/18/2010 | | |
| Price of Prior Sale/Transfer | | $112,000 | | |
| Data Source(s) | Escambia Co. Records | Escambia Co. Records | Escambia Co. Records | Escambia Co. Records |
| Effective Date of Data Source(s) | 05/03/2012 | 05/03/2012 | 05/03/2012 | 05/03/2012 |

Analysis of prior sale or transfer history of the subject property and comparable sales  No sales within 3 years noted for the subject. Comparable #1 did have a prior sale on 10/18/2010 for $112,000, Book 6733, Page 24. Comp #1 appears to be a foreclosure sale to Fannie Mae.

Summary of Sales Comparison Approach  See additional comments.

Indicated Value by Sales Comparison Approach $ 83,000
Indicated Value by: Sales Comparison Approach $ 83,000  Cost Approach (if developed) $ 88,648  Income Approach (if developed) $
All three approaches to value were considered, however, the sales comparison approach to value is the primary approach to value for properties of the subject's type and class.

This appraisal is made ☒ "as is", ☐ subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed, ☐ subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or ☐ subject to the following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair: See attached USPAP and Limiting Conditions.
Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is
$ 83,000 , as of  05/03/2012 , which is the date of inspection and the effective date of this appraisal.

## Uniform Residential Appraisal Report     File # 5121002M

**Sales Comparison Comments:**

The comparable sales utilized were the most current sales with similar size, style and features available from the public records. The sales comparison analysis had adjustments applied to the comparable sales which reflected the markets reaction to the differences in the properties, not the cost of the differences. All sales are closed sales and all adjustments were rounded to the nearest $100.

Due to the lack of truly similar sales within the subject neighborhood, it was necessary to exceed 1 miles distance for comp #2 and #4 and six months time for comparable #1. However, these sales are considered to be reliable indicators of value for the subject as they share many similar characteristics with the subject and are located within the subjects competing market area.

Comp/listing #5 was adjusted for site size differences greater than .30 +/- acre at approx. $5,000/acre.
GLA was adjusted at $20/SF for differences over 100/SF.

All sales were considered in the final opinion of value with the appraised value considered to be most indicative of the subjects current market value. Comp #4 was given the most weight having the least amount of net and gross adjustments compared to our subject.

Competing Market Comment on divided Highway :

Hwy 98 does divide the neighborhood, having said that, the appraiser knows the neighborhoods on both sides of the highway and the comps and neighborhoods are similar to the subject's. Also, the buyers do see both neighborhoods when looking for homes and in the appraiser's opinion, would desire both areas equally due to their similarities when making their purchase choice.

Above ground pool comment:

Although the subject had an above ground pool, no value was given for this item.

### COST APPROACH TO VALUE (not required by Fannie Mae)

Provide adequate information for the lender/client to replicate the below cost figures and calculations.
Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value)   The opinion of site value estimate was derived by researching MLS and public records for sales of comparable lots in the southwest Escambia county market area within the past year. Active listings and pending sales in the subjects immediate neighborhood and competing market area were also considered.

| | | | |
|---|---|---|---|
| ESTIMATED ☐ REPRODUCTION OR ☒ REPLACEMENT COST NEW | OPINION OF SITE VALUE | =$ | 15,000 |
| Source of cost data  Local realtors, builders, and Marshall & Swift | DWELLING  1,578 Sq.Ft. @ $ 50.00 | =$ | 78,900 |
| Quality rating from cost service  Average   Effective date of cost data  Current | 0 Sq.Ft. @ $ | =$ | |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | Porch, Patio, etc. | =$ | 8,000 |
| See Attached sketch area addendum for square footage calculation. | Garage/Carport  447 Sq.Ft. @ $ 22.00 | =$ | 9,834 |
| | Total Estimate of Cost-New | =$ | 96,734 |
| | Less   Physical   Functional   External  Depreciation  27,086 | =$( | 27,086) |
| Remaining Economic Life: 52 years | Depreciated Cost of Improvements | =$ | 69,648 |
| Remaining Physical Life: 54 years | "As-is" Value of Site Improvements | =$ | 4,000 |
| Estimated Remaining Economic Life (HUD and VA only)   52 Years | INDICATED VALUE BY COST APPROACH | =$ | 88,648 |

### INCOME APPROACH TO VALUE (not required by Fannie Mae)

Estimated Monthly Market Rent $ _____ X Gross Rent Multiplier _____ = $ _____   Indicated Value by Income Approach _____
Summary of Income Approach (including support for market rent and GRM)

### PROJECT INFORMATION FOR PUDs (if applicable)

Is the developer/builder in control of the Homeowners' Association (HOA)? ☐ Yes ☐ No   Unit type(s) ☐ Detached ☐ Attached
Provide the following information for PUDs ONLY if the developer/builder is in control of the HOA and the subject property is an attached dwelling unit.
Legal Name of Project
Total number of phases _____ Total number of units _____ Total number of units sold _____
Total number of units rented _____ Total number of units for sale _____ Data source(s) _____
Was the project created by the conversion of existing building(s) into a PUD? ☐ Yes ☐ No   If Yes, date of conversion.
Does the project contain any multi-dwelling units? ☐ Yes ☐ No   Data Source
Are the units, common elements, and recreation facilities complete? ☐ Yes ☐ No   If No, describe the status of completion.

Are the common elements leased to or by the Homeowners' Association? ☐ Yes ☐ No   If Yes, describe the rental terms and options.

Describe common elements and recreational facilities.